1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

UZI VISHKIN,

Case No. 21-CV-01432-LHK

13

Plaintiff,

**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**

14

v.

Re: Dkt. No. 36

15

PINTUITIVE, INC., et al.,

16

Defendants.

17
18

Before the Court is an administrative motion to seal filed by Pintuitive, Inc.; Xingzhi Wen;

19

Gang Li; Beijing ESWIN Smart Technology Group Co., Ltd.; and Panyi Technology, Inc.

20

(collectively, "Defendants"). Defendants seek to seal a patent license agreement between Plaintiff

21

Uzi Vishkin and Defendant Pintuitive, Inc., which Defendants attached as an exhibit to

22

Defendants' motion to dismiss Plaintiff's complaint, ECF No. 37-2 ("Exhibit 1"). ECF No. 36.

23

For the reasons explained below, the Court DENIES without prejudice Defendants' motion to seal.

24

"Historically, courts have recognized a 'general right to inspect and copy public records

25

and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of*

26

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

27

U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong

28

United States District Court
Northern District of California

1    presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

2         Parties seeking to seal judicial records relating to motions that are "more than tangentially

3    related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

4    1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

5    supported by specific factual findings that outweigh the general history of access and the public

6    policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and

7    citation omitted).  Compelling reasons justifying the sealing of court records generally exist "when

8    such 'court files might have become a vehicle for improper purposes,' such as the use of records to

9    gratify private spite, promote public scandal, circulate libelous statements, or release trade

10   secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the

11   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

12   litigation will not, without more, compel the court to seal its records."  *Id.*

13        By contrast, records attached to motions that are "not related, or only tangentially related,

14   to the merits of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety*,

15   809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for

16   access to court records attached only to non-dispositive motions because those documents are

17   often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation

18   marks and citation omitted)).  Parties moving to seal records attached to motions unrelated or only

19   tangentially related to the merits of a case must meet the lower "good cause" standard of Rule

20   26(c) of the Federal Rules of Civil Procedure.  *Ctr. for Auto Safety*, 809 F.3d at 1098–99;

21   *Kamakana*, 447 F.3d at 1179–80.  The "good cause" standard requires a "particularized showing"

22   that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates*

23   *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed.

24   R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples or articulated

25   reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

26   1992) (citation omitted).

27        Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

28

Case No. 21-CV-01432-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE

United States District Court
Northern District of California

1    documents for, inter alia, the protection of "a trade secret or other confidential research,

2    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has

3    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

4    trade secret may consist of any formula, pattern, device or compilation of information which is

5    used in one's business, and which gives him an opportunity to obtain an advantage over

6    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

7    (quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the

8    production of goods . . . . It may, however, relate to the sale of goods or to other operations in the

9    business . . . ." *Id.* (alterations in original).  Furthermore, the Supreme Court has recognized that

10   sealing may be justified to prevent judicial documents from being used "as sources of business

11   information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.

12        In addition, parties moving to seal documents must comply with the procedures established

13   by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request

14   that establishes the document is "sealable," or "privileged, protectable as a trade secret or

15   otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  "The request must be narrowly

16   tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-

17   5(d)."  *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

18   order that is narrowly tailored to seal only the sealable material" and that "lists in table format

19   each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

20   the document" that "indicate[s], by highlighting or other clear method, the portions of the

21   document that have been omitted from the redacted version."  Civ. L. R. 79-5(d)(1).

22        Here, Defendants' motion to dismiss is more than tangentially related to the underlying

23   causes of action and thus the compelling reasons standard applies.  *See, e.g.*, *Microsoft Corp. v.*

24   *Hon Hai Precision Inds. Co.*, 19-CV-01279-LHK, 2020 WL 8991707, at *2 (N.D. Cal. Feb. 21,

25   2020) (applying "compelling reasons" standard to patent license agreement attached to

26   defendant's motion to dismiss).  Compelling reasons justifying the sealing of court records

27   generally exist "when such 'court files might have become a vehicle for improper purposes,' such

United States District Court
Northern District of California

1    as the use of records to gratify private spite, promote public scandal, circulate libelous statements,

2    or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

3    2006) (quoting Nixon, 435 U.S. at 598). However, "[t]he mere fact that the production of records

4    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

5    without more, compel the court to seal its records." *Id.*

6          The Court now addresses the substance of the instant sealing motion. Defendants' motion

7    seeks to seal a patent license agreement between Plaintiff and Defendant Pintuitive. ECF No. 36-

8    2. Defendants do not object to Exhibit 1 being made public, but move to seal the entire Exhibit 1

9    because Plaintiff designated the entire patent agreement as confidential. ECF No. 36-3

10   ("Rodewald "Decl.") ¶¶ 4, 5. In support of Defendants' motion to seal, Plaintiff argues that

11   compelling reasons exist to seal Exhibit 1 because the patent agreement contains a confidentiality

12   provision, as well as "competitively sensitive information" such as "sensitive financial terms" and

13   "terms that dictated the rights and obligations between the parties." ECF No. 38 ¶ 4. According

14   to Plaintiff, revealing the agreement "would put Dr. Vishkin in a competitive disadvantage." *Id.*

15         The problem with Plaintiff's argument is that the motion to seal seeks to seal the *entire*

16   exhibit. Such a request is clearly overbroad in that Defendants' seek to seal vast swaths of non-

17   sealable material. As a result, the request is not "narrowly tailored to seek sealing only of sealable

18   material," as mandated by Civil Local Rule 79-5(b).

19         For example, portions of the patent license agreement encompass such items as definitions

20   of generic terms and introductory sentences, ECF No. 36-2 at 2-5, or blank generic forms, *id.* at

21   32-33.[1] Although the Court acknowledges that "pricing terms, royalty rates, and guaranteed

22   minimum payment terms" meet the compelling reasons standard for sealing, *In re Elec. Arts, Inc.*,

23   298 Fed. App'x 568, 569 (9th Cir. 2008), much of the redacted material does not fall into these

24   categories. Moreover, Plaintiff's claims that there is a confidentiality provision and making the

25   agreement public "would put Dr. Vishkin in a competitive disadvantage" are too general and

26

27   _____

     [1] Because the internal pagination is inconsistent, the Court refers to the ECF stamp pagination.

28
     4

conclusory, rather than particularized to each piece of information sought to be sealed.  ECF No. 38 ¶ 4.  "[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182 (requiring a specific compelling reason for each redaction rather than "a general category of privilege" and rejecting conclusory arguments that the documents are confidential).

Therefore, the Court DENIES without prejudice Defendants' motion to seal Exhibit 1 attached to Defendants' motion to dismiss.  *See Hon Hai*, 2020 WL 8991707, at *3 (denying without prejudice motion to seal entire patent agreement because it was not narrowly tailored). By December 28, 2021, Defendants may file a renewed request that is narrowly tailored to seek sealing only of material that is sealable under applicable case law and conforms to the requirements in Civil Local Rule 79-5(d)(1).  Plaintiff would then have until January 3, 2022 to file a declaration "as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable," Civil Local Rule 79-5(e)(1).  The parties may also choose to file a joint motion to seal by December 28, 2021.

**IT IS SO ORDERED.**

Dated: December 13, 2021

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

Case No. 21-CV-01432-LHK
ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE